IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00635-WCM

KAREN DEFATIMA GENIE,

    Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 9, 11).[1]

I. Procedural Background

Plaintiff Karen Defatima Genie ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning on June 10, 2016. Transcript of the Administrative Record ("AR") 198-199; 200-203.

On December 19, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 15-33. That decision is the Commissioner's final decision for purposes of this action.

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Doc. 8.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "mild concussion; neurocognitive disorder; headaches; degenerative disc disease; depression and visual disfunction." AR 20. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform medium work . . . except occasional interaction with co-workers, avoiding constant interaction with the general public; avoid concentrated exposure to hazards; and avoid task[s] that require fine visual acuity such as inspecting. She can perform unskilled work of a routine and repetitive nature.

AR 22.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 26-27.

## III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ erred when analyzing whether she was presumptively disabled pursuant to certain Listings. Additionally, Plaintiff contends that the ALJ erred when considering the persuasiveness of certain opinion evidence and when determining Plaintiff's RFC.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a

2

disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the

3

correct application of the law.  Id.

V. Discussion

### A. Listings 12.02 and 12.04

Appendix I of 20 C.F.R. Part 404, Subpart P (the "Listings") detail impairments that are considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a) & 416.925(a).  "A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013).

Here, Plaintiff argues that her impairments meet or equal Listing 12.02 (neurocognitive disorders) and/or Listing 12.04 (depressive, bipolar and related disorders).  Because remand is warranted on other grounds as discussed below, the undersigned does not reach Plaintiff's argument regarding the Listings.

### B. Plaintiff's RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  "Evaluating an RFC requires an ALJ to consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work." Dowling v. Commissioner of Social Security Administration, 986 F.3d 377, 387 (4th Cir. 2021) (quoting Thomas v.

4

Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) (quoting Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016)); see also SSR 96-8p, 1996 WL 374184 (July 2, 1996); 20 C.F.R. § 404.1545(c) ("A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work"); 20 C.F.R. § 416.945(c) (same).

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion." See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence"); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at * (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

### 1. Medical Opinions and Prior Administrative Medical Findings

Plaintiff argues that the ALJ did not explain adequately how he treated the opinion evidence or the findings of the state agency psychological consultants. Plaintiff cites evidence from Dr. Jeffrey Ewert, Dr. Clint Beaver, and Dr. Genia Beasley.[2]

For applications filed on or after March 27, 2017, such as Plaintiff's, the Administration has changed how adjudicators assess medical opinions and prior administrative medical findings. See 82 Fed. Reg. 5844-01; 20 C.F.R. § 404.1520c(a)); 20 C.F.R. § 416.920c(a).[3] Specifically, an ALJ is now required to consider and articulate how persuasive he or she finds each medical opinion or prior administrative medical finding to be. 20 C.F.R. §§ 404.1520c(a)); 416.920c(a). In that regard, the regulations list numerous factors that are

---

[2] Some of this evidence generally addresses Plaintiff's ability to work. See AR 495 (Plaintiff was "not suitable to return to work through 12/14/2016"); AR 496 (Plaintiff's compliance with a "neuropsych program" would "effectively keep her out of work through the end of the school year"); AR 513 (Plaintiff should return to work "10 to 15 hours per week for the first four weeks, with a gradual increase in her hours per day as tolerated"); AR 646 (due to Plaintiff's "current visual dysfunction," she was "not able to sustain and meet expectations of employment needs"). The regulations provide that such evidence "is inherently neither valuable nor persuasive." See 20 C.F.R. §§ 404.1520b(c); 416.920b(c).

[3] Prior administrative medical findings include state agency consultant findings regarding the severity of a claimant's symptoms, whether a claimant's impairments meet or medically equal a listing, and a claimant's residual functional capacity. See 20 C.F.R. §§ 404.1513(a)(5); 416.913(a)(5). A "medical opinion" is a statement from a medical source about what a claimant can still do despite his or her impairments and whether the claimant has limitations in his or her ability to perform the physical, mental, or other demands of work. See 20 C.F.R. §§ 404.1513(a)(2); 416.913(a)(2).

6

considered, as appropriate, with "supportability" and "consistency" being the most important. See 20 C.F.R. §§ 404.1520c(a) & (c); 416.920c(a) & (c). "Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself. Consistency is an external check that references evidence from other medical and nonmedical sources." Bright v. Saul, No. 1:19CV504, 2020 WL 4483008, at *2 (M.D.N.C. Aug. 4, 2020).

On November 2, 2018 Dr. Beasley completed a Neuro-Optometric Rehabilitation Report discussing Plaintiff's issues of balance, orientation, and concentration. See AR 515-520. The ALJ did not acknowledge this Report, however.

Next, the ALJ also stated that he had "given appropriate weight to the findings of fact by State Agency medical and psychological consultants and other program physicians and psychologists as non-examining sources" but did not identify the "other program physicians and psychologists." AR 25.

Additionally, although the ALJ cited the prior administrative medical findings contained in the record, the ALJ's discussion of that evidence does not allow for meaningful review. The ALJ quoted the findings of the state agency psychological consultants at length, see AR 25-26, and stated that such findings were "partially persuasive," but did not explain which findings were persuasive, cite to any specific evidence to support those conclusions, or

7

otherwise adopt specific findings from these consultants. An ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." See Jackson v. Commissioner, Social Security, No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. April 24, 2014); Yang v. Saul, No. 3:19CV699-GCM, 2020 WL 4819954 at *4 (W.D.N.C. Aug. 19, 2020) (same, quoting Jackson). However, in the absence of additional explanation here, it is not clear to what extent the ALJ was persuaded by the findings of the state agency consultants, or to what extent such findings formed the basis of Plaintiff's RFC.

## 2. Additional Limitations in Plaintiff's RFC

Plaintiff asserts that the "majority of the evidence supports imposing additional limitations in Plaintiff's residual functional capacity assessment," and specifically argues that the RFC does not account for Plaintiff's "issues with memory and focus, fatigue, balance or photophobia." Doc. 9-1 at 16 & 17. Plaintiff further asserts that the ALJ failed to explain how the evidence cited in the decision supports the limitations that were included in her RFC. See Doc. 9-1 at 17-18.

The undersigned agrees that remand is appropriate on this basis as well. Although the ALJ found that Plaintiff had moderate limitations in her ability to maintain concentration, persistence, or pace, see AR 22, he did not include additional limitations in the RFC to account adequately for the particular

8

Case 3:20-cv-00635-WCM    Document 13    Filed 02/09/22    Page 8 of 9

mental limitations, or, in the alternative, explain the decision not to limit Plaintiff's RFC further. See Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015); see also Dale v. Saul, No. 1:19-CV-47-DSC, 2019 WL 4389040, at *3 (W.D.N.C. Sept. 12, 2019) (remanding where the ALJ accounted for a plaintiff's moderate difficulties in maintaining concentration, persistence, or pace "*if at all*, by limiting her to 'short, routine, repetitive tasks.'"); Arnold v. Berryhill, 3:18cv391-MR-WCM, 2019 WL 2883815, at *10 (W.D.N.C. June 12, 2019) (finding ALJ "did not connect the dots" between moderate impairments and RFC), recommendation adopted, 2019 WL 2881548 (W.D.N.C. July 2, 2019)).

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 9) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. 11) is **DENIED**. The Commissioner's decision is hereby **REVERSED,** and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is respectfully directed to enter a separate judgment of remand, thereby closing the case.

Signed: February 9, 2022

W. Carleton Metcalf
United States Magistrate Judge